UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE H. BUTLER,

        Petitioner,

v.                                                        Case No. 19-10677

LES PARRISH,                               HON. AVERN COHN

        Respondent.

_____/

**MEMORANDUM AND ORDER**
**GRANTING PETITIONER'S MOTION TO HOLD IN ABEYANCE (Doc. 2)**
**AND**
**STAYING PROCEEDINGS**
**AND**
**ADMINISTRATIVELY CLOSING THE CASE**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Bruce H. Butler, a state inmate proceeding pro se, has filed a petition challenging his convictions for first-degree murder and possession of a firearm during the commission of a felony for which he is serving a sentence of life without parole.

Before the Court is Petitioner's a Motion to Stay Proceedings and Hold Habeas Corpus Petition in Abeyance (Doc. 2) to permit him to return to the state courts to present an additional claim that is not yet exhausted. For the reasons that follow, the motion will be granted.

II.  Background

Following his convictions, Petitioner filed an appeal of right in the Michigan Court of Appeals raising four claims involving evidentiary issues, ineffective assistance of trial counsel, and prosecutorial misconduct.  The Michigan Court of Appeals affirmed Petitioner's convictions.  People v. Butler, No. 319548, 2015 WL 5057404 (Mich. Ct. App. Aug. 27, 2015).  Petitioner filed an application for leave with the Michigan Supreme Court, raising the same four claims and added a fifth, seeking a remand due to the discovery of evidence that the state's historical cellular data analysis was flawed.  The court denied leave in a standard order.  People v. Butler, 499 Mich. 915 (May 2, 2016).

In 2017, Petitioner filed a motion for relief from judgment, including the fifth claim he raised only before the Michigan Supreme Court as well as two more claims, additional theories of prosecutorial misconduct and ineffective assistance of trial counsel. The trial court denied Petitioner's motion.  The Michigan Court of Appeals denied leave to appeal.  People v. Butler, No. 342063 (Mich. Ct. App. May 31, 2018). Petitioner then filed an for leave to appeal in the Michigan Supreme Court.  While Petitioner's application for leave was pending, the United States Supreme Court released its decision in Carpenter v. United States, 138 S. Ct. 2206 (2018).  Carpenter held that acquisition of an individual's cell-site location information is a search that generally requires the government to obtain a warrant supported by probable cause before acquiring such records.  Before the Michigan Supreme Court ruled on Petitioner's application for leave, he filed a motion in that court to add an issue based on Carpenter.  The Michigan Supreme Court denied Petitioner's application for leave to appeal but granted his motion to add an issue.  People v. Butler, 922 N.W.2d 365 (Mich.

2

Feb. 4, 2019).

Petitioner has thus exhausted his state remedies as to his first seven claims. However, he has not yet exhausted the Fourth Amendment issue raised by Carpenter.

III.  Discussion

Petitioner asks the Court to hold this proceeding in abeyance while he returns to state court to raise his claim based on Carpenter.  A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. See Rhines v. Weber, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted).  In Rhines, the Supreme Court held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics."  Id. at 278.

Petitioner's unexhausted claim is best first addressed and decided by the state courts.  The Court anticipates no prejudice to Respondent in staying the petition. Nothing in the record suggests that Petitioner engaged in intentionally dilatory tactics. Indeed, Petitioner's claim relies on a recent Supreme Court case which was decided while his appeal on other post-conviction issues was still pending in the state appellate courts.  Petitioner has therefore demonstrated good cause.  In addition, Petitioner's claims are not "plainly meritless."  Therefore, a stay is appropriate.

IV.  Conclusion

Accordingly, Petitioner's Motion to Hold in Abeyance (Doc. 2) is GRANTED and the petition for writ of habeas corpus is STAYED pending completion of Petitioner's state application for post-conviction review.  This stay is conditioned upon Petitioner filing his motion for relief from judgment within sixty (60) days of this order and then filing a motion to lift the stay and an amended habeas petition (using the case number already assigned to this case) within sixty (60) days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Clerk of Court shall CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

SO ORDERED.

S/Avern Cohn
 AVERN COHN
UNITED STATES DISTRICT JUDGE

DATED: 4/8/2019
    Detroit, Michigan

4